```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
DLJ MORTGAGE CAPITAL, INC.,

                  Plaintiff,
                                       No. 07-CV-3747 (PKC)(KNF)
       -against-
                                              ANSWER
SEA BREEZE FINANCIAL
SERVICES, INC.,

                  Defendant.
--------------------------------x
```

Defendant Sea Breeze Financial Services, Inc. ("Sea Breeze"), by and through its counsel, and for its Answer to the Complaint of the Plaintiff DLJ Mortgage Capital, Inc. ("DLJMC"), states as follows:

### JURISDICTION AND VENUE

1.  Sea Breeze admits that it is a California corporation with its principal and sole place of business located in the State of California.  Sea Breeze is without knowledge or information sufficient to form a belief as to whether DLJMC is a Delaware corporation and whether it has its principal place of business in New York.  Except as expressly admitted herein, Sea Breeze denies the remaining allegations in this paragraph.

2.  Denied.

### THE PARTIES

3.  Sea Breeze admits that DLJMC purchases mortgage loans. Except as expressly admitted herein, Sea Breeze is without

89897v2

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

    4.    Admitted.

**FACTUAL ALLEGATIONS**
**<u>Sea Breeze's Failure to Honor Its Obligations</u>**
**<u>Under the Sea Breeze Purchase Agreements</u>**

    5.    Admitted.

    6.    Admitted.

    7.    Defendant admits that pursuant to the original Purchase Agreement and the Amended and Restated Purchase Agreement, Sea Breeze could from time to time sell mortgage loans that it originated to DLJMC. The terms of said Agreements speak for themselves. Except as expressly admitted herein, Sea Breeze denies the remaining allegations in this paragraph.

    8.    Denied.

    9.    Denied.

    10.   Sea Breeze admits that the quoted paragraph appears in Section 3.05 of the Sea Breeze Purchase Agreements and that the terms of the Agreements speak for themselves. Except as expressly admitted herein, Sea Breeze denies the remaining allegations in this paragraph.

    11.   Denied.

    12.   Sea Breeze admits that the Agreements provide, *inter*

*alia*, that in the case of certain activity which materially and adversely affects the value of the underlying mortgage loans (or DLJMC's interest therein) certain notices must be given and a curative period of time is then triggered.  Except as expressly admitted herein, Sea Breeze denies the remaining allegations in this paragraph.

    13.  Sea Breeze avers that the terms of the Agreements speak for themselves and that the Agreements as a whole must be read to determine obligations and liabilities of the parties thereto.  Except as expressly admitted herein, Sea Breeze denies the remaining allegations in this paragraph.

### The Hoang Loan

    14.  Admitted.

    15.  Sea Breeze is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

    16.  Sea Breeze admits that it received a copy of Exhibit A referenced in paragraph 16 and avers that said Exhibit speaks for itself.

    17.  Sea Breeze admits that it has not repurchased the Hoang Loan from DLJMC, but denies that it has any obligation to do so.

**The Gutierrez Loan**

18.   Admitted.

19.   Sea Breeze is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

20.   Sea Breeze admits that it received a copy of Exhibit B referenced in paragraph 20 and avers that said Exhibit speaks for itself.

21.   Sea Breeze admits that it has not repurchased the Gutierrez Loan from DLJMC, but denies that it has any obligation to do so.

**The Wilson Loan**

22.   Admitted.

23.   Sea Breeze is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

24.   Sea Breeze admits that it received a copy of Exhibit C referenced in paragraph 24 and avers that said Exhibit speaks for itself.

25.   Sea Breeze admits that it has not repurchased the Wilson Loan from DLJMC, but denies that it has any obligation to do so.

**<u>The Wasielewski Loan</u>**

26. Admitted.

27. Sea Breeze is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

28. Sea Breeze admits that it received a copy of Exhibit D referenced in paragraph 28 and avers that said Exhibit speaks for itself.

29. Sea Breeze admits that it has not repurchased the Wasielewski Loan from DLJMC, but denies that it has any obligation to do so.

**<u>The Eberly Loan</u>**

30. Admitted.

31. Sea Breeze is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

32. Sea Breeze admits that it received a copy of Exhibit E referenced in paragraph 32 and avers that said Exhibit speaks for itself.

33. Sea Breeze admits that it has not repurchased the Eberly Loan from DLJMC, but denies that it has any obligation to do so.

### The Gordon Loan

34. Admitted.

35. Sea Breeze is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

36. Sea Breeze admits that it received a copy of Exhibit F referenced in paragraph 36 and avers that said Exhibit speaks for itself.

37. Sea Breeze admits that it has not repurchased the Gordon Loan from DLJMC, but denies that it has any obligation to do so.

### The McConnochie Loan

38. Admitted.

39. Sea Breeze is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

40. Sea Breeze admits that it received a copy of Exhibit G referenced in paragraph 40 and avers that said Exhibit speaks for itself.

41. Sea Breeze admits that it has not repurchased the McConnochie Loan from DLJMC, but denies that it has any obligation to do so.

**The Logodimos Loan**

42. Admitted.

43. Sea Breeze is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

44. Sea Breeze admits that it received a copy of Exhibit H referenced in paragraph 44 and avers that said Exhibit speaks for itself.

45. Sea Breeze admits that it has not repurchased the Logodimos Loan from DLJMC, but denies that it has any obligation to do so.

**The Rivera Loan**

46. Admitted.

47. Denied.

48. Sea Breeze admits that it received a copy of Exhibit H referenced in paragraph 48 and avers that said Exhibit speaks for itself.

49. Sea Breeze admits that it has not repurchased the Rivera Loan from DLJMC, but denies that it has any obligation to do so.

**The Cadena Loan**

50. Admitted.

51. Sea Breeze is without knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

52. Sea Breeze admits that it received a copy of Exhibit I referenced in paragraph 52 and avers that said Exhibit speaks for itself.

53. Sea Breeze admits that it has not repurchased the Cadena Loan from DLJMC, but denies that it has any obligation to do so.

### The Le Blanc Loan

54. Admitted.

55. Sea Breeze admits that it received a copy of Exhibit J referenced in paragraph 55 and avers that said Exhibit speaks for itself.

56. Sea Breeze admits that it has not repurchased the Le Blanc Loan from DLJMC, but denies that it has any obligation to do so.

### The Monroe Loan

57. Admitted.

58. Sea Breeze is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

59. Sea Breeze admits that it received a copy of Exhibit K referenced in paragraph 59 and avers that said Exhibit speaks

for itself.

60. Sea Breeze admits that it has not repurchased the Monroe Loan from DLJMC, but denies that it has any obligation to do so.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

61. Sea Breeze incorporates by reference paragraphs 1 through 60 of its answer as if fully set forth herein.

62. Denied.

63. The Agreements speak for themselves. To the extent that the paragraph implies an obligation to repurchase any mortgage loans, the allegations in the paragraph are denied.

64. The Agreements speak for themselves. To the extent that the paragraph implies an obligation to repurchase any mortgage loans, the allegations in the paragraph are denied.

65. Defendant admits that demands as previously indicated have been made. Except as expressly admitted, Defendant denies each and every remaining allegation in this paragraph.

66. Denied.

67. Denied.

68. Denied.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

69. Sea Breeze incorporates by reference paragraphs 1 through 68 of its answer as if fully set forth herein.

70. Admitted.

71. Denied.

72. Denied.

### THIRD CLAIM FOR RELIEF
### (Indemnification - Legal Fees and Related Costs)

73. Sea Breeze incorporates by reference paragraphs 1 through 72 of its answer as if fully set forth herein.

74. The Agreements speak for themselves. To the extent that the paragraph implies an obligation to repurchase any mortgage loans, the allegations in the paragraph are denied.

75. Denied.

76. Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint as a whole and each and every cause of action contained therein fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over the Complaint as a whole and each and every cause of action contained therein.

### Third Affirmative Defense

The venue for this litigation is improper in this court and should be in the Central District of California if subject matter jurisdiction exists or, if it does not, in a California State Court with jurisdiction.

### Fourth Affirmative Defense

The litigation is not ripe for adjudication because Plaintiff has not yet sustained any damages and may never sustain damages.  As a result, the instant action should be stayed until damages, if any, are ascertained.

### Fifth Affirmative Defense

The Plaintiff's claims, in whole or in part, are barred by the doctrine of laches.

### Sixth Affirmative Defense

The Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

### DEFENSES RESERVED

The Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves its right to amend its Answer to assert any such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, the Defendant Sea Breeze respectfully requests that the Plaintiff's Complaint, and each and every cause of action contained therein, be dismissed with prejudice and that the Defendant be awarded the costs it has incurred, and will incur, in defending against the same, and that this Honorable Court grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Defendant demands a trial by jury on all issues so triable.

DATED:   June 19, 2007
         Framingham, Massachusetts

                        RUBIN, HAY & GOULD, P.C.

                             /s/ Rodney E. Gould
                   By:   _____
                        Rodney E. Gould, Esq.
                        205 Newbury Street
                        P.O. Box 786
                        Framingham, MA  01701-0202
                        Tel:  (508) 875-5222

                        -and-

                        REITLER BROWN & ROSENBLATT LLC

                             /s/ Craig J. Albert
                   By:   _____
                        Craig Albert, Esq.
                        800 Third Avenue, 21st Floor
                        New York, NY  10022-7604
                        Tel:  (212) 209-3050