Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------X

                               No. 07-CIV-3747(PKC)(KNF)

DLJ MORTGAGE CAPITAL, INC.,

       Plaintiff,

   -against-

SEA BREEZE FINANCIAL SERVICES,
INC.,

       Defendant.

--------------------------------X

### DECLARATION OF LEN HAMILTON IN SUPPORT OF DEFENDANT SEA BREEZE FINANCIAL SERVICES, INC.'S MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1746, LEN HAMILTON on oath declares as follows:

1.    I am President of the defendant Sea Breeze Financial Services, Inc. ("Sea Breeze").  Sea Breeze went out of business on or about August 31, 2007.  As President, I am authorized to make this declaration on behalf of Sea Breeze.  I make this declaration in support of Sea Breeze's motion to transfer this matter from the United States District Court for the Southern District of New York to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a).

2.    I make this declaration based upon my personal knowledge or upon a review of the records kept in the normal course of business at Sea Breeze.

3.    I am a California resident and reside in Anaheim Hills, California.  I have no office or residence in New York.

4.    Sea Breeze is a California corporation.  Its principal and sole place of business was located at 4 Park Plaza, Suite 750, Irvine, California.

5.    Sea Breeze has ceased originating mortgages and has wound up its business activities.  Presently no employees of Sea Breeze are employed in its Irvine, California office, but these former employees, upon information and belief, are still residents of California.  Sea Breeze has no employees located outside of California.

6.    It would be extremely burdensome and inconvenient for Sea Breeze to litigate this matter in New York, as Sea Breeze has no current revenue stream to pay the additional expenses necessitated by litigating across the country.

7.    In its Complaint, DLJMC alleges that Sea Breeze has breached the Purchase Agreements for failing to repurchase loans with "early payment defaults" and has further alleged that as to one loan (identified as the LeBlanc Loan) Sea Breeze is

2

obligated to repurchase the loan because of breaches of certain representations and warranties regarding the borrower's income and employment.

8.   There are twelve (12) separate mortgage loans which are at issue in this litigation as set forth in DLJMC's Complaint.  According to Sea Breeze's records, eleven out of the twelve loans are evidenced by mortgage notes on real property located in California (the twelfth being in Florida).  Sea Breeze's records further indicate that the last known residential addresses for the individual borrowers were, in fact, the addresses of the real property which secured the loans (since these were all residential mortgages).  The addresses of the individual borrowers, based upon the information presently available to Sea Breeze, are as follows:

    (1)  Hoang Loan:
         Steve Hoang
         Perris, CA 92570

    (2)  Gutierrez Loan:
         Tomas Gutierrez
         Corona, CA 92879

    (3)  Wilson Loan:
         Jimmy Wilson
         Inglewood, CA 90305

    (4)  Wasielewski Loan
         Andrew Wasielewski
         La Jolla, CA 92037

3

    (5)  <u>Eberly Loan</u>:
         Tameka Eberly
         Riverside, CA 92501

    (6)  <u>Gordon Loan</u>:
         Daniel Gordon
         Little Rock, CA 93543

    (7)  <u>McConnochie Loan</u>:
         Craig McConnochie
         Thousand Oaks, CA 91320

    (8)  <u>Lagodimos Loan</u>:
         John Lagodimos
         San Marcos, CA 92078

    (9)  <u>Rivera Loan</u>:
         Norma Rivera
         Long Beach, CA 90806

   (10)  <u>Cadena Loan</u>:
         Manuel Cadena
         Whittier, CA 90603

   (11)  <u>LeBlanc Loan</u>:
         Sandra LeBlanc
         Norco, CA 92860

   (12)  <u>Monroe Loan</u>:
         Martin Monroe
         Cape Coral, FL 33904.

9.   Sea Breeze disputes DLJMC's allegation that the loans sued upon are clearly subject to the terms of the purchase agreements.  Based upon the information available to Sea Breeze, many or all of these loans may not be subject to the terms of the purchase agreements for various reasons, and Sea Breeze requires discovery of each individual borrower to ascertain the

facts behind his alleged default.

10. For example, Sea Breeze is presently aware of the following issues on the following California loans which require discovery:

(a) <u>Wasielewski Loan</u>:  According to Sea Breeze's records, after Sea Breeze received the request to repurchase this loan, Sea Breeze contacted the borrower who indicated that he was in the military and was deployed at sea at the time the loan became delinquent.  The borrower also indicated that there had been "servicing issues" with his loan.  While the borrower ultimately brought himself current, and the amounts were subsequently refunded to the borrower under the Soldiers and Sailors Relief Act, DLJMC refused to rescind its request for repurchase.

(b) <u>Lagodimos Loan</u>:  According to Sea Breeze's records, after Sea Breeze received the request to repurchase this loan, the borrower informed Sea Breeze that there were "servicing issues" with the loan.  Other than providing Sea Breeze with a pay history of the borrower (reflecting that the loan was current) DLJMC refused to communicate with Sea Breeze with regard to

the borrower's claim of servicing issues.

(c)  <u>LeBlanc Loan</u>:  According to Sea Breeze's records, the request to repurchase this loan was made based upon an alleged borrower misrepresentation involving the borrower's stated income and/or employment.  While Sea Breeze denies that verification of income was material to the purchase of this loan, Sea Breeze has never received proof from DLJMC that the borrower misstated her income.

(d)  <u>Hoang Loan</u>:  According to Sea Breeze's records, after DLJMC made a request for repurchase, the loan was scheduled for foreclosure.  Since the automated appraised value (AVM) reflected a higher value than the original appraised value, DLJMC and Sea Breeze agreed to wait until the foreclosure date to settle any outstanding balance.  Prior to foreclosure, the borrower brought the loan current and DLJMC reinstated the loan.

(e)  <u>Guiterrez Loan</u>:  According to Sea Breeze's records, after Sea Breeze received the request to repurchase this loan, Sea Breeze obtained the pay history and servicing notes relating to the borrower.  The pay

6

history available to Sea Breeze showed that the borrower was current and had remained current.

11.   In each case, Sea Breeze requires testimony and discovery from these borrowers, all located in California, to refute DLJMC's contention that Sea Breeze was obligated to repurchase the loans.

12.   Moreover, Sea Breeze is aware of at least two instances in which the borrowers have alleged "servicing issues" with their loans.  Since Sea Breeze is not servicing these loans, it cannot determine whether the servicing issues are limited to these borrowers or whether other borrowers also had servicing issues.  Sea Breeze thus needs to take testimony from all borrowers to determine the extent of servicing or other issues.

13.   I am also aware of the following individuals, all former employees of Sea Breeze, who would provide testimony regarding their communications with the borrowers identified in Paragraph 10:

        Raquel Pasala
        Vice President, Operations
        Last Known Address:  Laguna Hills, California

        Ann Ha
        Assistant Operations Manager
        Last Known Address:  Costa Mesa, California

7

Scott Mauney
Vice President, Credit
Laguna Hills, California

Kari Reeves
Vice President, Secondary Marketing
Garden Grove, California

Because these individuals are no longer employed by Sea Breeze,

Sea Breeze has no ability or authority to compel these

individuals to testify at a New York trial.


I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND
CORRECT.

Executed on October 4, 2007
Irvine, California

/s/ **Len Hamilton**

_____

LEN HAMILTON,
President,
SEA BREEZE FINANCIAL SERVICES, INC.

8