```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
                                        No. 07-CIV-3747(PKC)(KNF)
DLJ MORTGAGE CAPITAL, INC.,

        Plaintiff,

    -against-

SEA BREEZE FINANCIAL SERVICES,
INC.,

        Defendant.
---------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SEA BREEZE FINANCIAL SERVICES, INC.'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

*Of Counsel:*

Rodney E. Gould, Esq. (RG-9871)
Email: rgould@rhglaw.com
Robert C. Mueller, Esq. (RM-1882)
Email:  rmueller@rhglaw.com
RUBIN, HAY & GOULD, P.C.
205 Newbury Street
P.O. Box 786
Framingham, MA  01701-0202
Tel:  (508) 875-5222
Fax:  (508) 879-6803

    -and-

Craig Albert, Esq.
Email:  calbert@reitlerbrown.com
REITLER, BROWN & ROSENBLATT LLC
800 Third Avenue
21st Floor
New York, NY  10022-7604
Tel:  (212) 209-3050
Fax:  (212) 371-5500

*Attorneys for Defendant Sea Breeze*
*Financial Services, Inc.*

**TABLE OF CONTENTS**

I.   FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . .7

     A.   The Convenience to Witnesses, Ease of
          Access to Evidence, the Locus of Operative
          Events, the Availability of Process to
          Compel Attendance of Witnesses, Trial
          Efficiency and the Interests of Justice. . . . . . . 9

     B.   Convenience to the Parties and
          Relative Means of the Parties. . . . . . . . . . . .14

     C.   The Plaintiff's Choice of Forum. . . . . . . . . . .15

     D.   Familiarity with the Governing Law . . . . . . . . .16

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . .17

The defendant, Sea Breeze Financial Services, Inc. ("Sea Breeze"), pursuant to 28 U.S.C. § 1404(a), moves this Honorable Court for an Order transferring this matter to the United States District Court for the Central District of California.[1] Such a transfer would promote the interests of justice and the convenience of the parties and witnesses because the events relevant to this case are centered in California, virtually all of the non-party borrower witnesses are located there, and none of the relevant events occurred in or involved New York.

## I.    FACTUAL BACKGROUND

Sea Breeze is a California corporation. Its principal and sole place of business was located at 4 Park Plaza, Suite 750, Irvine, California. (Declaration of Len Hamilton in Support of Defendant Sea Breeze Financial Services, Inc.'s Motion to Transfer ["Hamilton Dec."], Notice of Motion Ex. A, ¶ 4.)

In its Complaint, the plaintiff, DLJ Mortgage Capital, Inc., alleges that Sea Breeze has breached Original and Amended Purchase Agreements between the parties by failing to repurchase loans with early payment defaults and has further alleged that as to one loan (identified as the LeBlanc Loan) Sea Breeze is obligated to repurchase the loan because of breaches of certain representations and warranties regarding the borrower's income

---

[1] Based upon the location of Sea Breeze's former corporate offices in Irvine, California, venue would be appropriate in the southern division of the Central District of California, sitting in Santa Ana.

and employment. (Complaint, Notice of Motion Ex. B, ¶¶ 5-13.)

Sea Breeze has ceased originating mortgages and has wound up its business activities. (Hamilton Dec., ¶ 5.) Presently no employees of Sea Breeze are employed in its Irvine, California office (or elsewhere), but these former employees, upon information and belief, are still residents of California. (Id.)[2] It would be extremely burdensome and inconvenient for Sea Breeze to litigate this matter in New York, as Sea Breeze has no current revenue stream to pay the additional expenses necessitated by litigating across the country. (Id., ¶ 6.)

There are twelve (12) separate mortgage loans which are at issue in this litigation as set forth in the Complaint. According to Sea Breeze's records, and as further identified in the Complaint, eleven out of the twelve loans are evidenced by mortgage notes on real property located in California (the twelfth being in Florida). (Hamilton Dec., ¶ 8; Complaint, ¶¶ 14, 18, 22, 26, 30, 34, 38, 42, 46, 50, 54, 57.)

Sea Breeze's records indicate that the last known residential addresses for the individual borrowers were, in fact, the addresses of the real property which secured the loans (since these were all residential mortgages). (Hamilton Dec., ¶ 8.)

---

[2] Len Hamilton is the President of Sea Breeze and resides in Anaheim Hills, California. He has no office or residence in New York. (Id., ¶¶ 1, 3.)

The addresses of the individual borrowers,[3] based upon the information presently available to Sea Breeze, are as follows:

(1) <u>Hoang Loan</u>:
Steve Hoang
Perris, CA 92570

(2) <u>Gutierrez Loan</u>:
Tomas Gutierrez
Corona, CA 92879

(3) <u>Wilson Loan</u>:
Jimmy Wilson
Inglewood, CA 90305

(4) <u>Wasielewski Loan</u>
Andrew Wasielewski
La Jolla, CA 92037

(5) <u>Eberly Loan</u>:
Tameka Eberly
Riverside, CA 92501

(6) <u>Gordon Loan</u>:
Daniel Gordon
Little Rock, CA 93543

(7) <u>McConnochie Loan</u>:
Craig McConnochie
Thousand Oaks, CA 91320

(8) <u>Lagodimos Loan</u>:
John Lagodimos
San Marcos, CA 92078

(9) <u>Rivera Loan</u>:
Norma Rivera
Long Beach, CA 90806

(10) <u>Cadena Loan</u>:
Manuel Cadena
Whittier, CA 90603

---

[3] Due to privacy considerations, we have not repeated the street addresses of the borrowers or the properties.

    (11) <u>LeBlanc Loan</u>:
         Sandra LeBlanc
         Norco, CA 92860

    (12) <u>Monroe Loan</u>:
         Martin Monroe
         Cape Coral, FL 33904.

(<u>Id</u>.)

    Sea Breeze disputes the plaintiff's allegation that the loans sued upon are clearly subject to the terms of the purchase agreements. (<u>Id</u>., ¶ 9.) Based upon the information available to Sea Breeze, many or all of these loans may not be subject to the terms of the purchase agreements for various reasons, and Sea Breeze requires discovery of each individual borrower to ascertain the facts behind his alleged default. (<u>Id</u>.)

    For example, Sea Breeze is presently aware of the following issues on the following California loans which require discovery:

    (a) <u>Wasielewski Loan</u>: According to Sea Breeze's records, after Sea Breeze received the request to repurchase this loan, Sea Breeze contacted the borrower who indicated that he was in the military and was deployed at sea at the time the loan became delinquent. The borrower also indicated that there had been "servicing issues" with his loan. While the borrower ultimately brought himself current, and the amounts were subsequently refunded to the borrower under the Soldiers and Sailors Relief Act, DLJMC refused to rescind its request for repurchase.

4

(b) <u>Lagodimos Loan</u>: According to Sea Breeze's records, after Sea Breeze received the request to repurchase this loan, the borrower informed Sea Breeze that there were "servicing issues" with the loan. Other than providing Sea Breeze with a pay history of the borrower (reflecting that the loan was current) DLJMC refused to communicate with Sea Breeze with regard to the borrower's claim of servicing issues.

(c) <u>LeBlanc Loan</u>: According to Sea Breeze's records, the request to repurchase this loan was made based upon an alleged borrower misrepresentation involving the borrower's stated income and/or employment. While Sea Breeze denies that verification of income was material to the purchase of this loan, Sea Breeze has never received proof from DLJMC that the borrower misstated her income.

(d) <u>Hoang Loan</u>: According to Sea Breeze's records, after DLJMC made a request for repurchase, the loan was scheduled for foreclosure. Since the automated appraised value (AVM) reflected a higher value than the original appraised value, DLJMC and Sea Breeze agreed to wait until the foreclosure date to settle any outstanding balance. Prior to foreclosure, the borrower brought the loan current and DLJMC reinstated the loan.

    (e)  <u>Guiterrez Loan</u>:  According to Sea Breeze's records, after Sea Breeze received the request to repurchase this loan, Sea Breeze obtained the pay history and servicing notes relating to the borrower.  The pay history available to Sea Breeze showed that the borrower was current and had remained current.

(<u>Id</u>., ¶ 10.)

In each case, Sea Breeze requires testimony and discovery from these borrowers, all located in California, to refute the plaintiff's contention that Sea Breeze was obligated to repurchase the loans.  (<u>Id</u>., ¶ 11.)  Moreover, since Sea Breeze is not servicing these loans, it cannot determine whether all loans or only some had had servicing issues.  (<u>Id</u>., ¶ 12.)  Sea Breeze thus needs to take testimony from all borrowers to determine the extent of servicing or other issues. (<u>Id</u>.)[4]

In addition, testimony from the following individuals, all former employees of Sea Breeze, would be necessary regarding their communications with at least the five borrowers specifically identified above:

---

[4] While Sea Breeze has no information at the present time as to why the remaining seven loans, six of which are located in California, are alleged to be in early payment default, depositions of the borrowers obviously may uncover information pertinent to Sea Breeze's defenses.  Uncovering this information through the discovery process will be much easier to accomplish if this matter proceeds in California.

```
Raquel Pasala
Vice President, Operations
Last Known Address:  Laguna Hills, California

Ann Ha
Assistant Operations Manager
Last Known Address:  Costa Mesa, California

Scott Mauney
Vice President, Credit
Last Known Address:  Laguna Hills, California

Kari Reeves
Vice President, Secondary Marketing
Last Known Address: Garden Grove, California
```

(Id., ¶ 13.)  Because these individuals are no longer employed by Sea Breeze, Sea Breeze has no ability or authority to compel these individuals to testify at a New York trial. (Id.)

## II.  ARGUMENT

The standards for a motion to transfer are well known. Initially, an action may be transferred to another federal district if the defendant would have been amenable to personal jurisdiction if the case was originally filed there and if venue is otherwise appropriate.  See Viacom Int'l, Inc. v. Melvin Simon Productions, Inc., 774 F. Supp. 858, 868 (S.D.N.Y. 1991).  These requirements are easily satisfied. Sea Breeze, a California corporation with its sole place of business in California, is amenable to personal jurisdiction in the Central District of California. (See Hamilton Dec., Notice of Motion Ex. A, ¶ 4.)  In addition, eleven out of the twelve loans sued upon involve mortgages on real property

7

located in California.  (Id., ¶ 8.)  There is no forum selection clause in the parties' contract mandating a New York venue.  Jurisdiction and venue requirements for the Central District of California are therefore satisfied.

Section 1404 authorizes a transfer "for the convenience of parties and witnesses, in the interest of justice. . . ."  28 U.S.C. § 1404(a).  While the burden of demonstrating the need for a transfer lies with the moving party, consideration of a motion to transfer should be "informed by overarching notions of convenience and fairness."  Jackson v. New York State, 2006 U.S. Dist. LEXIS 44778, at *15 (S.D.N.Y. June 30, 2006) (attached hereto as Ex. 1) (citing Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 216 (S.D.N.Y. 1995)).

> Relevant factors in evaluating a motion to transfer include:
>
> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative events; (5) the relative ease of access to sources of proof; (6) the weight afforded to plaintiffs' choice of forum; (7) the availability of process to compel the presence of unwilling witnesses; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

Schultze v. Daimler Chrysler Corp., 2006 U.S. Dist. LEXIS 85273, at *4 (S.D.N.Y. Nov. 16, 2006) (attached hereto as Ex. 2).  A balancing of the factors listed above point strongly in favor of a transfer to the Central District of California.

### A. The Convenience to Witnesses, Ease of Access to Evidence, the Locus of Operative Events, the Availability of Process to Compel Attendance of Witnesses, Trial Efficiency and the Interests of Justice

Factors two, four, five, seven and nine are intertwined and all weigh heavily in favor of a transfer of this case. In its Complaint, the plaintiff alleges that Sea Breeze is obligated to repurchase certain mortgage loans, pursuant to various provisions in the parties' contract, as amended. Specifically, the plaintiff alleges that Sea Breeze is obligated to repurchase eleven of the twelve loans as a result of the early payment default of the individual borrowers, and for one loan, the LeBlanc Loan, because of breaches of certain representations and warranties regarding the borrower's income and employment. (See Complaint, Notice of Motion Ex. B, ¶¶ 5-13.)

But Sea Breeze has valid defenses to the plaintiff's claims, and discovery of the borrowers, third-party witnesses located in California, is necessary to determine whether or not defaults on these loans have occurred, whether such defaults were immediately cured, whether the LeBlanc Loan involved misrepresentations regarding the borrower's income and employment, and whether the individual debtors have other defenses to their alleged non-payment on the loans, such as servicing issues (such as failure to receive monthly payments or the plaintiff's utilization of incorrect billing addresses). Sea Breeze has identified five

9

loans, the Wasielewski Loan, the Lagodimos Loan, the LeBlanc Loan, the Hoang Loan and the Guiterrez Loan, which have obvious issues requiring testimonial discovery from the borrowers. (Hamilton Dec., Notice of Motion Ex. A, ¶ 10.)  In addition, since Sea Breeze is not servicing any of the loans, it needs to take discovery of all borrowers to determine the extent of servicing or other issues.  (Id., ¶ 12.)

Since it is undisputed that eleven of the twelve loans involve California borrowers and California real estate,[5] and since Sea Breeze is not aware of any material non-party witness located within this district, transfer to the Central District of California is appropriate.

In a case remarkably similar to the instant case, Household Fin. Serv., Inc. v. Prestige Fin. Services Corp., 1999 U.S. Dist. LEXIS 12295 (N.D. Ill. Aug. 6, 1999) (attached hereto as Ex. 3) the defendant mortgage company was sued for wrongfully refusing to repurchase three residential mortgage loans sold in violation of certain representations and warranties contained in the

---

[5] The borrower addresses for nine of the eleven California loans are located within the jurisdiction of the Central District of California.  The other two California loans, Wasielewski and Lagodimos, are located within the jurisdiction of the Southern District of California.  But Wasielewski's address is approximately 82 miles and Lagodimos's address is approximately 66 miles from the federal courthouse in Santa Ana, which houses the Southern Division of the U.S. District Court for the Central District of California.  Since both potential witnesses are located within 100 miles of the Santa Ana courthouse, both could be subpoenaed to appear for trial.  See Fed. R. Civ. P. 45(b)(2).

10

agreement between the parties, specifically inflated appraisals on two loans and failure to timely pay on a third. Id. at *1. The defendant moved for transfer from the Northern District of Illinois to the Southern District of Florida.

In granting the motion to transfer, the court found that Florida was the more convenient forum for several reasons. First, the material non-party witnesses identified by the parties, including the borrowers and their mortgage brokers, resided in Florida. Id. at *6 n.4. Moreover, the events giving rise to the defendant's liability occurred in Florida, "where the loans were made and recorded, the allegedly inaccurate appraisals were performed, and [where one borrower] allegedly failed timely to make his first payment." Id. at *6. The court also found that the interests of justice would favor a transfer, finding the court's "inability to compel the attendance of a material non-party witness to be a crucial factor militating in favor of transfer to the Southern District of Florida" and the costs of securing the attendance of the non-party witnesses would be much lower if the case were litigated in Florida rather than Illinois. Id. at *7-*8, *9-*10. For the same reasons, this Court should transfer this matter to the Central District of California.

In addition to the needed testimony of the third-party borrowers, Sea Breeze will also need testimony from its former employees who communicated with the borrowers. Sea Breeze has identified four such employees from whom testimony would be

11

taken, and all four of these employees have last known residential addresses in California (all within the jurisdiction of the Central District of California). (Hamilton Dec., Notice of Motion Ex. A, ¶ 13.) Since the communications occurred in California between Sea Breeze and California borrowers, this is a factor favoring a California forum. See United Bank of Kuwait PLC v. Interstate/Johnson Len Corp., 1991 U.S. Dist. LEXIS 15057, at *5-*6 (S.D.N.Y. Oct. 22, 1991) (attached hereto as Ex. 4) (plaintiff alleged that defendant's officers knew or should have known of plaintiff's security interest in four mortgage-backed securities purchased from a third-party Florida mortgage broker; court granted the defendant's motion to transfer to North Carolina where the significant issue was the knowledge and behavior of defendant's officers in North Carolina).

But even more importantly, since Sea Breeze no longer employs these individuals and lacks any authority as an employer to compel the attendance of these individuals at trial (Hamilton Dec., Notice of Motion Ex. A, ¶ 13), Sea Breeze would be unable to subpoena said individuals (who reside in California) for a New York trial, further weighing in favor of transfer. See, e.g., Citibank, N.A. v. Affinity Processing Corp., 248 F. Supp. 2d 172, 176 (E.D.N.Y. 2003) (granting motion to transfer to South Carolina based, in part, upon the fact that there were numerous former employees of the defendant located in South Carolina).

12

Courts have consistently held that live trial testimony, as opposed to deposition transcripts or video, is essential for a fair trial. See, e.g., TM Claims Serv. v. KLM Royal Dutch Airlines, 143 F. Supp. 2d 402, 407 n.6 (granting motion to transfer; "Depositions, however, even when videotaped, are generally no substitute for live testimony.") (citation omitted); Wellquest Int'l, Inc. v. Genesis Intermedia.com, Inc., 2001 U.S. Dist. LEXIS 16757, at *15 (S.D.N.Y. Oct. 18, 2001) (attached hereto as Ex. 5) (transferring matter to Central District of California based upon location of non-party witnesses, and noting the fact that "courts and, undoubtedly, juries generally prefer live testimony at trial") (citation omitted); Household Fin. Serv's, Inc., 1999 U.S. Dist. LEXIS 12295, at *10 n.8 (Ex. 3) ("The possibility of taking videotaped depositions does not save plaintiffs from transfer. Live witness testimony is superior to either printed or taped depositions.").[6]

It will be much more efficient and fair if this litigation is located where most of the operative facts of the case occurred and where witnesses can easily be reached. "The core determination under § 1404(a) is the center of gravity of the

---

[6] Cf. Iragorri v. International Elevator, Inc., 203 F.3d 8, 17 (1st Cir. 2000) ("[W]e have emphasized in an analogous context that 'the live testimony of [key] witnesses for the purposes of presenting demeanor evidence [is] essential to a fair trial.'") (citing Howe v. Goldcorp Invs., Ltd., 946 F.2d 944, 952 (1st Cir. 1991)); Irwin v. World Wildlife Fund, Inc., 448 F. Supp. 2d 29, 35 (D.D.C. 2006) (noting that the availability of process to compel unwilling witnesses to testify is an important concern).

litigation." Viacom, 774 F. Supp. at 868. Cf. Iragorri, 203 F.3d at 17. Here, that center plainly is within the Central District of California. The vast majority of the events giving rise to liability have occurred in California and the third-party witnesses who have relevant testimony on the issue reside in California. The Central District of California is the more appropriate forum to hear this dispute.

> **B. Convenience to the Parties and Relative Means of the Parties**

Factors one and three, the convenience to the parties and the relevant mans of the parties, also weigh in favor of transfer. While it is conceded that the plaintiff is a New York entity (and presumably finds a New York forum to be more convenient) and Sea Breeze is a California entity (and finds a California forum to be more convenient), on closer inspection the interests of justice favor California.

The plaintiff, which upon information and belief is a division or subsidiary of Credit Suisse Securities (USA) LLC, is clearly an entity with resources to litigate anywhere in the country. Sea Breeze, by contrast, has ceased originating mortgages and has wound up its business activities. (Hamilton Dec., Notice of Motion Ex. A, ¶ 5.) Sea Breeze does not presently employ any employees, and it would be extremely burdensome and inconvenient for Sea Breeze to litigate this matter in New York as Sea Breeze has no current revenue stream to

14

pay the additional expenses necessitated by litigating across the country. (Id., ¶¶ 5-6.)

The disparity of the relative means of these corporate parties weighs in favor of a California forum. See Citibank, N.A. v. Affinity Processing Corp., 248 F. Supp. 2d at 177 (granting defendants' motion to transfer to South Carolina based, in part, upon defendant's "great financial losses and personnel declines in recent years" and comparing defendant's financial situation to the available resources of the plaintiff and its parent company, Citigroup, Inc.).

### C. The Plaintiff's Choice of Forum.

Of the issues relevant to a motion to transfer, factor six, the plaintiff's choice of forum, is the only one which weighs at all against the transfer of this case. While entitled to some deference, the "plaintiff's choice of forum is far less outcome determinative in the analysis under section 1404(a) than it was under the doctrine of *forum non conveniens*." Jackson, 2006 U.S. Dist. LEXIS 44778, at *15 (Ex. 1). See also Schultze, 2006 U.S. Dist. LEXIS 85273 at *6 (Ex. 2). Moreover,

> courts routinely transfer cases when the principal events occurred, and accordingly the key witnesses are located, in another district. Where the operative facts of the case have little connection with the district where the suit is pending, the importance of the plaintiff's forum choice as a factor is considerably lessened.

15

Jackson, 2006 U.S. Dist. LEXIS 44778 at *17 (Ex. 1). This is precisely the situation here. Because each of the other factors strongly favors a transfer of this case, the plaintiff's choice of forum cannot defeat the defendant's motion to transfer this case.

      D.    **Familiarity with the Governing Law**

Factor eight, familiarity with the governing law, is entitled to little weight in the circumstances of this case. Assuming, arguendo, that New York law is to apply to the determination of the parties' rights and obligations under their agreement, the legal issues in this case are not unique to New York and would pose no problems to a California court applying New York law. The Complaint asserts causes of action for breach of contract (Complaint, Notice of Motion Ex. B, ¶¶ 61-68), unjust enrichment (id., ¶¶ 69-72), and contract-based indemnification (id., ¶¶ 73-76), all of which are presumably well-known to California courts. New York statutory or regulatory law is not involved, nor are there any novel or complex issues of law presented by the plaintiff's claims, and there is no reason a California court would have any problem applying New York law to these issues.

Even if this were not the case, the governing law issue on a motion to transfer is not dispositive. See Household Fin. Serv's, Inc., 1999 U.S. Dist. LEXIS at *11 (Ex. 3) (granting motion to transfer from Illinois to Florida on facts similar to

instant case even though mortgage loan purchase agreement designated Illinois law in the contract). On the contrary, "[w]here, as here, the operative facts of the case have little connection with the district where the suit is pending, this factor is outweighed. . . ." Viacom, 774 F. Supp. at 868.

### III. CONCLUSION

Since the relevant factors in this case weigh strongly in favor of a transfer, for the convenience of the parties and witnesses, and in the interest of justice, this matter should be transferred from the Southern District of New York to the Central District of California (Southern Division), pursuant to 28 U.S.C. § 1404(a).

DATED:    October 5, 2007
          Framingham, Massachusetts

       RUBIN, HAY & GOULD, P.C.

       **/s/ Rodney E. Gould**
By: _____
       Rodney E. Gould, Esq. (9871)
       Email: rgould@rhglaw.com
       Robert C. Mueller, Esq. (1882)
       Email:  rmueller@rhglaw.com
       205 Newbury Street
       P.O. Box 786
       Framingham, MA  01701-0202
       Tel:  (508) 875-5222
       Fax:  (508) 879-6803


       -and-

```
                    REITLER, BROWN & ROSENBLATT LLC
                    Craig Albert, Esq.
                    Email:  calbert@reitlerbrown.com
                    800 Third Avenue
                    21st Floor
                    New York, NY  10022-7604
                    Tel:   (212) 209-3050
                    Fax:   (212) 371-5500

                    Attorneys for Defendant Sea Breeze
                    Financial Services, Inc.
```