# Exhibit 2

LEXSEE 2006 U.S. DIST. LEXIS 85273

PATRICIA A. SCHULTZE, et ux. JOSEPH SCHULTZE, Plaintiffs, - against - DAIMLERCHRYSLER CORPORATION and FAHEY IMPORTS, INC., Defendants.

06 Civ. 1883 (NRB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2006 U.S. Dist. LEXIS 85273

November 14, 2006, Decided
November 16, 2006, Filed

COUNSEL: [*1] For Plaintiffs: Ronald R. Benjamin, Esq., Binghamton, NY.

For Defendant: Homer B. Ramsey, Esq., Herzfeld & Rubin, P.C., New York, NY.

JUDGES: NAOMI REICE BUCHWALD, UNITED STATES DISTRICT JUDGE.

OPINION BY: NAOMI REICE BUCHWALD

OPINION

MEMORANDUM AND ORDER

NAOMI REICE BUCHWALD

UNITED STATES DISTRICT JUDGE

Plaintiffs, Patricia Schultze and her husband, Joseph Schultze, both residents of Binghamton, New York, brought this action in the Supreme Court of the State of New York, New York County, against defendants DaimlerChrysler Corp. ("DaimlerChrysler") and Fahey Imports, Inc. Plaintiffs set forth causes of action against the defendants for manufacturing defect, design defect, failure to warn, negligence, breach of implied and express warranties, and loss of consortium (on the part of Mr. Schultze) arising from a car accident on June 30, 2003. DaimlerChrysler removed the case to federal court and filed the instant motion to transfer venue, pursuant to 28 U.S.C. § 1404(a), to the Northern District of New York ("Northern District") -- where the car accident occurred, where plaintiffs and six material non-party witnesses to this action reside, and where [*2] important evidence relating to the action is located.

Background

1  Unless otherwise noted, the following facts are based on allegations stated in the complaint.

On January 30, 2003, the plaintiffs were involved in a car accident at approximately 5:43 PM in the city of Binghamton, New York, located in Broome County, which is in the Northern District. At the time of the accident, Ms. Schultze was driving a model year 2000 Dodge Intrepid (the "subject vehicle"), which she owned.

Plaintiffs allege that as a result of the accident, Ms. Schultze's seat -- the driver's seat -- collapsed and unexpectedly fell back into an extreme reclining position, injuring Ms. Schultze. Plaintiffs allege that Ms. Schultze's seat collapsed as a result of a defect in the passenger seat of the 2000 Dodge Intrepid: specifically, that the seat-back recliner bolt broke or malfunctioned. Plaintiffs further allege that prior to the accident, defendants were aware of the subject vehicle's defect, as they had received similar [*3] complaints from consumers and had conducted an investigation revealing that the seat recliner bolts attached to the seat frame would become loose as a result of premature wear and tear.

Plaintiffs contend that Ms. Schultze suffered serious injuries as a result of the accident. In particular, Ms. Schultze claims to have sustained severe whiplash and other injuries, including two "severe spinal disorders" described as Chiari malformation and syringomyelia. Patricia A. Schultze Affidavit P 2. Ms. Schultze alleges that she did not suffer these symptoms prior to the accident, as she used to work and was very active.

The only defendant served [2] is DaimlerChrysler, a Delaware corporation with its principal place of business

Case 1:07-cv-03747-PKC    Document 11-3    Filed 10/05/2007    Page 3 of 5

Page 2
2006 U.S. Dist. LEXIS 85273, *

in Michigan. Plaintiffs' complaint contends that DaimlerChrysler is liable as a consequence of its merger with Dodge, the actual manufacturer of the subject vehicle.

> 2    While plaintiffs named Fahey Imports, Inc., an Ohio corporation with its principal place of business in Ohio, in the complaint, it never served Fahey with a complaint or summons.

[*4] DISCUSSION

Where the transferee district is a proper venue, as is indisputedly the case here, "motions to transfer lie within the broad discretion of the court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). In making this determination, the courts consider the following nine factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative events; (5) the relative ease of access to sources of proof; (6) the weight afforded to plaintiffs' choice of forum; (7) the availability of process to compel the presence of unwilling witnesses; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *Lewis v. C.R.I., Inc.*, No. 03 Civ. 651, 2003 U.S. Dist. LEXIS 6362, 2003 WL 1900859, at *2, (S.D.N.Y. Apr. 17, 2003); *Eisenberg v. Wachovia Bank, N.A.*, No. 00 Civ. 7910, 2001 U.S. Dist. LEXIS 91, 2001 WL 30452, at *2, (S.D.N.Y. Jan. 11, 2001) (citations omitted). None of the above factors is determinative, nor do [*5] they comprise an exclusive list. Rather, they serve as guideposts for analysis and should not be applied in a mechanical or formulaic manner. See *Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 343 (S.D.N.Y. 2002). The burden of demonstrating that a transfer is warranted lies with the moving party, and a court should not disturb the plaintiff's choice of forum unless the defendant makes a "clear and convincing showing that the balance of convenience favors" a transfer. See *Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F.Supp. 955, 962 (S.D.N.Y. 1995). For the following reasons, we find that the balance of convenience favors transfer of this action to the Northern District.

A. *The Convenience of the Witnesses*

The convenience of both the party and non-party witnesses is often considered the single most important factor in the analysis of whether a transfer should be granted under *Section 1404(a)*. See *Garrel v. NYLCare Health Plans, Inc.*, No. 98 Civ. 9077, 1999 U.S. Dist. LEXIS 9778, 1999 WL 459925, at *5 (S.D.N.Y. June 29, 1999); see also *In re Repetitive Stress Litigation*, 850 F.Supp. 188, 194 (E.D.N.Y. 1994) (convenience [*6] of the witnesses "is the most powerful factor governing the decision to transfer a case"); *Nieves v. American Airlines*, 700 F.Supp. 769, 772 (S.D.N.Y. 1988).

Noting that plaintiffs are not residents in their chosen forum, defendant DaimlerChrysler argues that this factor weighs heavily in its favor, as it has identified six non-party witnesses -- all of which reside in Binghamton. Defendant's Memorandum of Law at 6. These witnesses offer fundamental evidence relevant to this action, including a description of the accident, observations of the plaintiffs after the accident occurred, and observations concerning damage sustained by the subject vehicle. Id. Moreover, all six non-party witnesses have submitted affidavits stating that they reside in Binghamton, and more importantly, all have indicated it would be a significant hardship, or even impossible, for them to attend trial in the Southern District of New York. Homer B. Ramsey Affidavit in Support of Motion, Exhibit F, G, H, I, J, K, L.

Conversely, plaintiffs only proffer one non-party witness in support of their choice of forum. That witness is Ms. Schultze's treating physician, Dr. Bolognase, who is the Director [*7] of The Chiari Institute at North Shore University Hospital ("The Chiari Institute") on Long Island. Plaintiffs claim that Dr. Bolognase's testimony, and the potential testimony of other physicians at The Chiari Institute, is indispensable to their case, given that Ms. Schultze has allegedly been undergoing treatment at The Chiari Institute every six months since January 5, 2004 and underwent surgery at The Chiari Institute in October 2004. Schultze Aff. P 7. Plaintiffs argue that this witness would be seriously inconvenienced if forced to travel from The Chiari Institute to the Northern District to testify at trial. As plaintiffs postulate that Dr. Bolognase would likely testify for a full day at trial, they further assert that it is likely he would need to stay overnight.

However, plaintiff's reliance on the potential inconvenience to Dr. Bolognase, which is essentially the sole basis offered in opposition to this motion, is unpersuasive. First, it should be noted that the distance between The Chiari Institute in Great Neck, New York to Binghamton, New York, is roughly 195 miles or approximately four hours of travel time by car. While this may present an inconvenience to Dr. Bolognase, [*8] it does not represent an oppressive burden. Moreover, to the extent that Dr. Bolognase was informed by Ms. Schultze of her view of how she sustained her injury, Dr. Bolognase should have foreseen the likelihood that his testimony would be required.[3]

> 3   While not dispositive, we note that plaintiffs did not commence this suit in the county in which Dr. Bolognase practices medicine. Had they done so, this case would have been removed to the

Case 1:07-cv-03747-PKC    Document 11-3    Filed 10/05/2007    Page 4 of 5

Page 3
2006 U.S. Dist. LEXIS 85273, *

Eastern District of New York. Cf. *Wechsler v. Macke Int'l Trade, Inc.*, No. 99 Civ. 5725, 1999 U.S. Dist. LEXIS 19800, 1999 WL 1261251, at *6 (S.D.N.Y. Dec. 27, 1999) ("the court dismisses from consideration the convenience of witnesses who are located outside both the current and transferee forums.").

Second, the fact that there is any issue at all concerning inconvenience to Dr. Bolognase is the result of Ms. Schultze's election to undergo treatment in The Chiari Institute, rather than seek treatment from a physician located in, or closer to, the Northern District.

On the other [*9] hand, the six non-party witnesses did not knowingly involve themselves in the course of events forming the basis for plaintiffs' claims; rather, they were simply present at the time of the accident or else unintentionally witnessed facts relating to plaintiffs' claims. The inconvenience to these six non-party witnesses, involved in this litigation through no decision of their own, simply outweighs the inconvenience to Dr. Bolognase, a treating physician.

Additionally, there are practical alternatives available to the plaintiffs which do not require Dr. Bolognase to appear in person at the trial (assuming that a trial eventuates and that Dr. Bolognase remains reluctant to travel). Dr. Bolognase's testimony can be recorded in a videotaped deposition and played at trial. It is not an uncommon practice, when busy expert witnesses are involved, to videotape expert testimony for later use at trial. If plaintiffs prefer live testimony, Ms. Schultze can hire a medical expert (who would not be inconvenienced by travel to the proposed transferee district) solely for the purpose of testifying at trial as to her medical conditions.

Finally, in addition to the potential inconvenience imposed [*10] upon Dr. Bolognase, plaintiffs also argue that "many of the witnesses who would testify to [her] condition before and after the accident reside in the metropolitan area [New York, New York]," and list six witnesses meeting that description. Schultze Aff. P 8. Given that Ms. Schultze is a resident of Binghamton, we find it difficult to conclude that there are not ample witnesses residing in Binghamton (or otherwise within the Northern District) who can provide testimony relating to her condition before and after the accident.

### B. Locus of Operative Events

The location of the operative facts is a "primary factor" in a transfer motion. *WellQuest Int'l, Inc. v. Genesis Intermedia.com, Inc.*, No. 00 Civ. 6558, 2001 U.S. Dist. LEXIS 16757, 2001 WL 1246592, at *4 (S.D.N.Y. Oct. 18, 2001) (quoting *ZPC 2000, Inc. v. The SCA Group, Inc.*, 86 F.Supp.2d 274, 279 (S.D.N.Y. 2000). Courts routinely transfer cases to the district where the principal events occurred, and where the principal witnesses are located in. *Totonelly v. Cardiology Associates of Corpus Christi, Inc.*, 932 F.Supp. 621, 623 (S.D.N.Y. 1996).

In this case, this factor weighs strongly [*11] in favor of defendant. The accident giving rise to the claim occurred in Binghamton. After the accident, the subject vehicle remained in Binghamton. All of the potential witnesses involved in the accident or who observed the accident reside in Binghamton.

Moreover, plaintiffs have not demonstrated any meaningful connection between this case and the Southern District. Besides the fact that DaimlerChrysler's registered agent is located in Manhattan, plaintiffs have failed to provide any connection or relationship between the facts and claims alleged in their complaint and the Southern District. Plaintiffs themselves have at all times relevant resided in Binghamton. As noted supra, DaimlerChrysler is a Delaware corporation with its principal place of business in Michigan, and it does not have corporate offices in New York. Nor have plaintiffs proffered a link between the design and manufacture of the subject vehicle and the Southern District of New York.

### C. The Relative Ease of Access to Sources of Proof

The relative ease of access to sources of proof also weighs slightly in favor of transfer, as the subject vehicle is located in the proposed transferee district. [*12] Although the plaintiffs contend they are in possession of the defective passenger seat forming the basis for their claim, and have indicated they could transport it without difficulty or inconvenience, the seat alone does not provide all of the relevant evidence pertaining to the issue of defect. The subject vehicle itself is also an important piece of evidence relevant to both plaintiffs' allegations and defendant's affirmative defenses. [4]

> 4   Documents relating to the design and manufacture of the subject vehicle, and documents proving defendant's alleged awareness of the defect, are likely located in Michigan, which is defendant's principal place of business. Therefore, access to those documents does not favor either district.

### D. The Plaintiffs' Choice of Forum

Although "[a] plaintiff's choice of forum is to be given considerable deference," that choice is not necessarily controlling, and is given less weight when "the plaintiff is not a resident of the forum and the cause of action is minimally [*13] connected with the forum." *Eichenholtz v. Brennan*, 677 F.Supp. 198, 201 (S.D.N.Y. 1988) (citations omitted). Therefore, this factor does not overcome the other factors favoring transfer. [5]

5   We have considered the other five factors in the venue transfer analysis, but we do not discuss them because we find each to be either neutral or lean only slightly in plaintiffs' favor.

**Conclusion**

For the reasons discussed above, we find that the balance of convenience clearly favors litigating this case in the Northern District. Therefore, we grant defendant's motion for transfer. The Clerk of the Court is respectfully requested to forthwith transfer this case to the Northern District of New York pursuant to *28 U.S.C. § 1404(a)*.

**IT IS SO ORDERED.**

Dated: November 14, 2006

NAOMI REICE BUCHWALD

UNITED STATES DISTRICT JUDGE